UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**TRIMAINE BALLARD**                              **CIVIL ACTION NO. 20-0271**

                                                   **SECTION P**
**VS.**
                                                   **JUDGE TERRY A. DOUGHTY**

**SHERIFF JAY RUSSELL, ET AL.**            **MAG. JUDGE KAREN L. HAYES**

### REPORT AND RECOMMENDATION

Plaintiff Trimaine Ballard, a prisoner at Ouachita Correctional Center ("OCC") proceeding pro se and in forma pauperis, filed the instant proceeding on approximately March 2, 2020, under 42 U.S.C. § 1983. He names Sheriff Jay Russell and Ms. Dorthy as defendants.[1] For reasons below, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff claims that defendants are illegally charging him sales taxes on items he purchases from the commissary at OCC. [doc. # 1, p. 3]. He alleges that, under an "old law," the "police jury" could permissibly charge inmates sales taxes because the police jury did not receive taxes to house inmates at OCC. *Id.* Now, however, the police jury receives taxes to house inmates, yet defendants continue using the old law to justify charging inmates sales taxes. *Id.* Plaintiff explains that, because his family (and the remaining taxpayers) pay taxes to house prisoners at OCC, forcing him to pay sales taxes, which he pays with funds from his family, results in his family "being taxed twice." *Id.* Plaintiff seeks $75,000.00 for his pain, suffering, and anguish. *Id.* at 4.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

**Law and Analysis**

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

*Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was

3

committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Sales Tax**

Plaintiff does not claim that defendants violated his constitutional rights, and the undersigned does not discern a constitutional violation or any other federal violation.[3] See *Merkling v. Scott*, 177 F.3d 977 (5th Cir. 1999) (affirming summary judgment where an inmate claimed that defendants violated the Equal Protection Clause by imposing a sales tax on food items); *Goldsmith v. Strickland*, 2015 WL 5040008, at *4 (S.D. Miss. Aug. 26, 2015) ("Goldsmith's claim regarding payment of a sales tax by prisoners on items purchased at the commissary does not rise to the level of a constitutional violation."); *Hamil v. Scott*, 2013 WL 2451051, at *6 (W.D. La. June 4, 2013) (dismissing a claim that a prison commissary was not authorized to collect sales taxes on inmate purchases).[4] As one court reasoned:

> Plaintiff's claim that he should not be charged taxes on commissary items is not cognizable under § 1983. Commissary prices implicate no constitutional right. Because the county provided for the plaintiff's basic necessities (food, shelter, clothing, medical care, etc.), he had no protected property or liberty interest in commissary privileges. Plaintiff has no constitutionally protected interest in commissary privileges or commissary prices and, certainly, no legal basis for demanding that he be offered commissary items tax-free. As such, the complaint is legally frivolous as to this issue.

---

[3] Plaintiff does not claim, for instance, that he is unable to obtain basic life necessities.

[4] See also *Boyd v. Lasher*, 2010 WL 444778, at *2 (E.D. La. Feb. 8, 2010); *Dewhart v. City of Montgomery*, 2008 WL 900911, at *1 (M.D. Ala. Mar. 31, 2008) (finding a similar claim "patently absurd" and reasoning: "the taxing of goods and services offered for sale or consumption at the city jail, without more, fails to state a violation of an inmate's federally protected constitutional rights.").

*Poole v. Stubblefield,* 2005 WL 2290450, at *2 (E.D. Mo. Sept. 20, 2005) (cited with approval by *Verrette v. Randolph*, 2009 WL 103715, at *9 (E.D. La. Jan. 14, 2009) ("[T]he collection of sales taxes simply does not violate plaintiff's rights.")).

The Court should dismiss this claim.

### Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Trimaine Ballard's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 19th day of March, 2020.

_____
Karen L. Hayes
United States Magistrate Judge